

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>PERRY NATION,<br><br>Defendant/Movant. | Cause No. CR 11-113-BLG-SPW<br>CV 14-166-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION<br>AND DENYING CERTIFICATE OF<br>APPEALABILITY |

On December 31, 2014, Defendant/Movant Perry Nation moved to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Nation is a federal prisoner proceeding pro se.

On May 14, 2015, the Court advised Nation that his allegations were vague and gave him an opportunity to explain them. Order (Doc. 85) at 1-2. Nation responded on June 26, 2015. Resp. to Order (Doc. 88).

## I. Preliminary Screening

The motion is subject to preliminary review to determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

1

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

A grand jury indicted Nation on September 23, 2011, on one count of aggravated sexual abuse against J.R.S.N., a person under the age of 12, in violation of 18 U.S.C. § 2241(c) (Count 1), and one count of sexual abuse against J.R.S.N., who was incapable of appraising the nature of the conduct, in violation of 18 U.S.C. § 2242(2)(A) (Count 2). The offenses were alleged to have occurred seven years earlier, in September 2004. Jurisdiction was predicated on the Major Crimes Act, 18 U.S.C. § 1153(a). Indictment (Doc. 1) at 2. Assistant Federal Defender Steven C. Babcock was appointed to represent Nation. Order (Doc. 7).

On October 20, 2011, the grand jury handed down a superseding indictment. Counts 1 and 2 remained the same. Counts 3 and 4 alleged identical offenses and the same time frame, but the victim involved was E.R.W. The time frame was

again alleged to be September 2004, when J.R.S.N. was 11 years old and E.R.W. was seven years old. Superseding Indictment (Doc. 12) at 2-3.

Counsel moved before trial to exclude evidence of previous incidents of sexually abusive behavior by Nation. One incident occurring on or about February 4, 1990, was excluded, but another, reportedly occurring in 2004, was not. Mot. in Limine Br. (Doc. 38) at 2; Resp. (Doc. 40) at 2; Minutes (Doc. 41); 1 Trial Tr. (Doc. 70) at 15:23-16:20.

Trial commenced on May 14, 2012, and concluded on May 15, 2012. At the time of trial, J.R.S.N. was 19 and E.R.W. was 14 years old. Counts 2 and 4 were dismissed on counsel's motion under Fed. R. Crim. P. 29. Minutes (Doc. 44); 2 Trial Tr. (Doc. 71) at 376:12-377:8. The jury found Nation guilty of aggravated sexual abuse as alleged in Counts 1 and 3 of the Superseding Indictment. Verdict (Doc. 51) at 1-2.

A presentence report was prepared. Nation's total offense level was 35. With a criminal history category of II, the advisory guideline range was 188-235 months. He was sentenced to serve 235 months in prison, to be followed by a life term of supervised release. Am. Judgment (Doc. 65) at 2-3.

Nation appealed. On October 23, 2013, the Ninth Circuit Court of Appeals affirmed his convictions and sentence. Mem. at 1-5, *United States v. Nation*, No. 12-30288 (9th Cir. Oct. 23, 2013) (Doc. 81). His conviction became final 90 days

later, on January 21, 2014. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012).

Nation timely filed his § 2255 motion on December 31, 2014. 28 U.S.C. § 2255(f)(1).

### III. Claims and Analysis

Nation alleges he received ineffective assistance of counsel. Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Nation must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697.

Nation alleges that counsel "never asked questions or raised issues that he told and rehearsed with myself and witnesses he would bring up at trial" and "did not cross-examine witnesses." Nation also contends that he was not seated close enough to counsel to be able to communicate with him during the trial. He adds that counsel "told me trial would be one more day, when he would present my defense, but rested." Mot. § 2255 (Doc. 83) at 4-5.

4

In his response to the Court's Order of May 29, 2015, Nation adds that Babcock promised to call witnesses Adele Phalen, Brandy Phalen, Tony Littlenest, Denise Castillo and Fawn Yellow-Hawk to show that they all knew J.R.S.N. and E.R.W. well, saw them frequently, and would have known if either victim was sexually abused. He also contends that counsel knew Yellow-Hawk had overheard the victims "conspiring to make up lies" about Nation but failed to question Yellow-Hawk about that before the jury. Nation also objects that the investigator was not called to testify. He repeats that counsel "did not ask any questions about an assault or of any crime during the trial." Resp. to Order (Doc. 88) at 1-2.

In fact, Adele Phalen, Brandy Phalen, Tony Littlenest, Denise Castillo and Fawn Yellow-Hawk all testified at trial, as did Pearl Nation (Nation's mother) and Nation himself. 2 Trial Tr. (Doc. 71) at 297:20-366:2.[1] Yellow-Hawk was, in fact, asked about a conversation between J.R.S.N. and another of Nation's daughters that Yellow-Hawk recalled having overheard about six and a half years before trial. Yellow-Hawk said she overheard the girls "talking about what they should tell their mother" and then planning to say that Nation was looking at other women or saying unkind things about their mother. *Id.* at 334:18-337:4, 339:10-340:14.

Nation's witnesses testified to exactly the things Nation claims they did not.

---

[1] This Order refers to the unredacted trial transcripts. The redacted transcripts, Vol. 1 (Doc. 76) and Vol. 2 (Doc. 77), are substantially identical but omit references to minors' names and other items described in Fed. R. Crim. P. 49.1(a).

5

The investigator was not called to testify, but statements made to an investigator were hearsay unless other conditions of admissibility were met. *See, e.g.*, Fed. R. Evid. 801(d)(1)(B). And there was no need for the investigator to testify, because the witnesses did. Finally, contrary to Nation's claims that counsel did not ask any questions about the alleged sexual assaults, counsel cross-examined both the victims about their allegations, *see* 1 Trial Tr. (Doc. 70) at 173:21-188:25, 230:12-235:25, 239:12-20, and asked Nation himself on direct and re-direct examination whether he committed the assaults charged against him, *see* 2 Trial Tr. at 361:20-24, 365:23-366:1. In addition to all of counsel's other cross- and direct-examination of witnesses, counsel clearly did exactly what Nation says he did not.

Nation's allegations are flatly contradicted by the record of the case. They fail to support any inference that counsel's performance might have been unreasonable or that prejudice could have resulted. Neither prong of the *Strickland* test is met. Nation's claims are denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

There simply is nothing to Nation's § 2255 motion. He alleges counsel did not present the defense they had planned and did not cross-examine witnesses. Counsel did, in fact, do those things. Both victims testified that Nation sexually abused them, and a third person testified under Fed. R. Evid. 414 that he abused her too. Nation testified that he did not sexually abuse anyone. Other witnesses for both the prosecution and the defense testified to facts tending to show that Nation could or could not have committed the crimes – including precisely the defense witnesses Nation now claims counsel did not call to testify.

Reasonable jurists would find no basis to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Nation's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 83, 88) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Nation files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and

in CV 14-166-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Nation.

DATED this 30th day of June, 2015.

/s/ Susan P. Watters
Susan P. Watters
United States District Court